WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Patricia L. Penny, Esq., SBN 124969
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 608-9142

Attorneys for Defendant, WESTERN PROGRESSIVE, LLC and OCWEN LOAN SERVICING, LLC

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| DEL PATTERSON AND DOTTIE PATTERSON, <br><br> Plaintiffs, <br><br> vs. <br><br> WESTERN PROGRESSIVE, LLC and OCWEN LOAN SERVICING, LLC, <br><br> Defendants. | ) Case No. 8:15-cv-01034-PSG (SSx) <br> ) <br> ) **NOTICE OF MOTION AND** <br> ) **MOTION TO DISMISS** <br> ) **PLAINTIFFS' COMPLAINT FOR** <br> ) **FAILURE TO STATE A CLAIM** <br> ) **UPON WHICH RELIEF CAN BE** <br> ) **GRANTED** <br> ) **[FRCP Rule 12(b)(6)]** <br> ) <br> ) Date:   October 19, 2015 <br> ) Time:   1:30 p.m. <br> ) Ctrm:   880 <br> ) <br> ) Complaint Filed: June 29, 2015 <br> ) <br> ) *[Request for Judicial Notice filed* <br> ) *concurrently herewith]* |

**TO THE CLERK OF THIS COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:**

**PLEASE TAKE NOTICE** that on October 19, 2015 at 1:30 p.m. in Courtroom 880, of the above-entitled Court, located at 255 East Temple Street, Los Angeles, California 90012, Defendants, WESTERN PROGRESSIVE, LLC and

OCWEN LOAN SERVICING, LLC (collectively "Defendants"), will move this court for an Order dismissing the Complaint (the "Complaint") of Plaintiffs, DEL PATTERSON AND DOTTIE PATTERSON (collectively "Plaintiffs")  pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 12(b)(6) for the failure to state a claim upon which relief can be granted.  This motion is made on the grounds that Plaintiffs have failed to plead the essential facts which give rise to their claims and/or the claims are barred on their face, as confirmed by matters which may be properly judicially noticed by this court.

This motion will be based upon this notice of motion and motion, the attached memorandum of points and authorities, the complete files and records in this action, the Request for Judicial Notice filed concurrently herewith, the oral argument of counsel and upon such other and further evidence as this court might deem proper.

Pursuant to Judge's Standing Order, the morning of  July 16, 2015, Defendants' counsel left a telephonic voice mail message with Plaintiffs' counsel to discuss the Motion and potential resolution.  Receiving no return telephone call, at approximately 4:50p.m. on July 16, 2105, Defendant's counsel wrote a detailed letter to Plaintiffs' counsel setting forth all legal and factual issues and concerns with Plaintiffs' complaint, and requesting they consider amendment.  Because Plaintiffs have not responded to that letter, Defendants have been required to file this Motion in compliance with the deadlines set forth by Federal Rule of Civil Procedure, Rule 12.

Respectfully submitted,

**WRIGHT, FINLAY & ZAK, LLP**

Dated: July 24, 2015          By:     */s/ Patricia L/ Penny*

T. Robert Finlay, Esq.
Patricia L. Penny, Esq.
Attorneys for Defendant, WESTERN PROGRESSIVE, LLC and OCWEN LOAN SERVICING, LLC

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT

# <u>TABLE OF CONTENTS</u>

Page No.

I.     INTRODUCTION                                                              1

II.    FACTUAL HISTORY, ALLEGATIONS AND ADMISSIONS                              2

III.   LEGAL STANDARDS                                                          4

IV.    DISCUSSION                                                               5

A.     PLAINTIFFS ARE INPERMISSIBLY FORUM SHOPPING                              5

B.     PLAINTIFFS HAVE NO STANDING TO CHALLENGE THE
       ASSIGNMENTS OF DEED OF TRUST OR THE
       SECURITIZATION OF THE LOAN/NOTE AND FOR THAT
       REASONS THE NEGLIGENT MISREPRESETATION AND
       SECTION 2924.17 CLAIMS FAIL                                              5

C.     PLAINTIFFS' COMPLAINT DOES NOT ADEQUATELY
       PLEAD OR ALLEGE UNDERLYING FACTS TO SUPPORT
       A BREAC OF CONTRACT CLAIM FOR RELIEF                                     7

D.     THE COMPLAINT'S CLAIM FOR RELIEF BASED UPON
       15 U.S.C. SECTIONS 1681 ET SEQ FAILS                                     9

       1.     The alleged evidence of "dispute" is not a credit
              reporting dispute                                                 9

       2.     Plaintiffs have no private right of action                        10

       3.     Any FRCA claim is statutorily barred                              11

       4.      Any alleged credit reporting dispute is frivolous                11

E.     FINALLY, THE TILA CLAIM FOR RELIEF FAILS                                 12

V.     CONCUSION                                                                13

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT

# TABLE OF AUTHORITIES

Page No.

## Cases

*Allen v. Wright*,

468 U.S. 737, 750 (1984) ...................................................................6

*Arikat v. JP Morgan Chase & Co, etc. et al.*,

430 F. Supp. 2d 1013, 1023-24 (2006) ..........................................10

*Ashcroft v. Iqbal*

(07-1015), (2009), 556 U.S. ___, 129 S.Ct. 1937 ..............................4

*B & P Dev. Corp. v. City of Saratoga*,

185 Cal. App. 3d 949, 953 (1986)......................................................8

*Bank of America NT &SA v. Williams*,

89 Cal. App. 2d 29 (1948).................................................................11

*Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555, n. 3 (2007)............................................................4

*Bernardi v. JPMorgan Chase Bank, NA*

(N.D. Cal., 2012) 2012 WL 33894 at *2............................................7

*Conley v. Gibson*,

355 U.S. 41, 45-46 (1957)...................................................................4

*Dack v. Shanman*,

(S.D.N.Y. 1964) 227 F.Supp. 26, 30...................................................4

*De La Cruz v. Tormey*,

(9th Cir. 1978) 582 F.2d 45, 48, <u>cert. denied</u>, 441 U.S. 965 (1979)......................4

*Debrunner v. Deutsche Bank Nat. Trust Co.*,

204 Cal. App. 4th 433, 440-41 (2012) ...............................................7

*Dumas v. Kipp*,

90 F.3d 386, 393 (9th Cir. 1996)........................................................5

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT

*Durell v. Sharp Healthcare*
  (2010) 183 Cal.App.4th 1350, 1367 ...................................................... 8

*Durning v. First Boston Corp*.
  (9th Cir. 1987) 815 F.2d 1265, 1267 ................................................... 4

*Frantz v. Blackwell,*
  189 Cal. App. 3d 91, 94-95 (1987) ................................................... 8

*Gillespie v. Civiletti*,
  (9th Cir. 1980) 629 F.2d 637, 640 ................................................... 4

*Glaski v. Bank of America,*
  218 Cal. App. 4th 1079 (5th App. Dist. 2013) ................................. 7

*Gomes v. Countrywide Home Loans, Inc.,*
  192 Cal. App. 4th 1149, 1154 (2011). ............................................ 7

*Herrera v. Federal National Mortgage Assn*.
  (2012) 205 Cal.App.4th 1495, 1507 ............................................... 6

*Hubbard v. Fidelity Federal Bank,*
  91 F.3d 75, 70 (9th Cir.1996) ....................................................... 12

*I.E. Associates v. Safeco Title Ins. Co.*
  (1985) 39 Cal.3d 281, 285 ............................................................. 9

*Jenkins v. JPMorgan Chase Bank, N.A.*
  (2013) 216 Cal.App.4th 497, 515 ................................................... 6

*Kan v. Guild Mortgage Company*
  (2014) ___Cal.App.4th___ (2014 WL 5192710, p. 4.) ..................... 6

*King v. California,*
  784 F.2d 910, 915 (9th Cir.1986) ................................................. 12

*Kowalski v. Tesmer,*
  543 U.S. 125, 129-30 (2004) .......................................................... 6

*Lee v. City of Los Angeles,*
  250 F3d 668, 688-89 (9th Cir. 2001) .............................................. 4

*Moeller v. Lien*

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT

(1994) 25 Cal.App.4th 822, 830..................................................................9

*Nelson v. Chase Manhattan Mortgage Corp.,*

   282 F.3d 1057, 1059 (9th Cir. 2002)..................................................10

*Osediacz v. City of Cranston*,

   414 F.3d 136, 139 (1st Cir. 2005) .......................................................6

*Rosciano v. Experian, et al.,*

   2105 WL 163383, at *2 (D. Az. 2015). ...............................................10

*See Branch v. Tunnell*,

   14 F.3d 449, 453-54 (9th Cir. 1994), ...................................................5

*Shuster v. BAC Home Loans Servicing, LP,*

   211 Cal. App. 4th 505, 511-12 (2012);...................................................7

*Sprewell v. Golden State Warriors,*

   266 F.3d 979, 988 (9th Cir. 2001)...........................................................4

*Virgen v. Mae,*

   WL 1521553, at *23–34 (E.D.Cal. May 23, 2007)..............................10

*Wall Street Network, Ltd. v. New York Times Co.,*

   164 Cal.App.4th 1171, 1178 (2008) .......................................................7

*Warth v. Seldin*,

   422 U.S. 490, 499 (1975) .......................................................................6

**Statutes**

15 U.S.C. § 1635(f)..........................................................................................12

15 U.S.C. § 1640(e) .........................................................................................12

15 U.S.C. § 1681a(d). .......................................................................................9

15 U.S.C. § 1681p............................................................................................11

15 U.S.C. §§ 1681s–2, 1681i(a)(2)...............................................................10

15 U.S.C. § 1681s-2(a)(1)(B). ........................................................................11

15 U.S.C. § 1681s-2(a)(8)(F)..........................................................................12

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT

**Rules**

Federal Rules of Civil Procedure  Rule 8.................................................................4

Federal Rules of Civil Procedure Rule 12..............................................................4

Federal Rules of Civil Procedure Rule 201 ...........................................................5

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Like so many other complaints, Plaintiffs have brought this one attempting to stall a foreclosure sale of their real property.  In this case, however, Plaintiffs have sued not once, but twice.  They filed their first complaint in State Court on July 21, 2014 and dismissed that action without prejudice on June 10, 2015; just 5 days before the hearing on Defendants' Demurrer to their First Amended Complaint in State Court.  On June 29, 2015, Plaintiffs filed this federal court action.

Plaintiffs' prior State Court Complaint provides the backdrop for their stall tactics.  Plaintiffs have been in foreclosure for over three years, applied for loan modifications over six times, and, unfortunately, simply can no longer afford to stay in the real property.

This federal court action is premised on several identical arguments to their prior litigation.  Plaintiffs continue to argue, without any standing to do so, that the Assignments to the relevant Deed of Trust are improper.  Some of their theories appear based upon legal theories espoused in <u>Glaski v. Bank of America,</u> 218 Cal. App. 4th 1079 (5th App. Dist. 2013).  Unfortunately for Plaintiffs, however, the holdings of that case, decided based upon New York Trust law, have NOT been followed by any California Courts of Appeal.

To bootstrap into federal court, they also erroneously assert that they have a private right of action under the Fair Credit Reporting Act and they allege statutorily precluded claims of Truth in Lending Action violations.  As shown below, Plaintiffs cannot amend their Complaint with factual allegations or supporting viable law to state any claim for relief against Defendants.  In short, Plaintiffs are blatantly forum shopping, such that this action should be dismissed without prejudice.

## II.    FACTUAL HISTORY, ALLEGATIONS AND ADMISSIONS

Plaintiffs own the real property located at 13152 Laburnum Drive, Tustin, California 92780 (the "Real Property").  (Complaint, page 2, lines 2through 6; Request for Judicial Notice ("RJN"), Exhibits ("Ex.") A, B and C.)  In April 2006, Plaintiffs borrowed the sum of $553,000.00 (the "Loan") from Defendant Barrington Capital Corporation, a California Corporation ("Barrington"), signing an Adjustable Rate Note (the "Note") evidencing the Loan (RJN, Ex. K, paragraph 20 and Ex. 1 attached thereto).  As security for the Note, Plaintiffs also signed a Deed of Trust (the "Deed of Trust"), which recorded as a lien against the Real Property.  (RJN, Ex. J, paragraph 28; RJN, Ex. D).

On February 27, 2007, Barrington caused to be recorded an Assignment of Deed of Trust assigning the Deed of Trust to Option One Mortgage Corporation, a California Corporation ("Option One").  (RJN, Ex. E).  On May 15, 2013, Option One caused to be recorded an Assignment of Deed of Trust, assigning the Deed of Trust to Defendant WELLS FARGO BANK, N.A., a national association, as Trustee for OPTION MORTGAGE LOAN TRUST 2006-2, ASSET-BACKED CERTIFICATES, SERIES 2006-2 ("Wells Fargo").  (RJN, Ex. F).  On December 26, 2013, Wells Fargo substituted Defendant WESTERN PROGRESSIVE, LLC ("Western") as the Trustee of the Deed of Trust by a recorded Substitution of Trustee.  (RJN, Ex. G).  On January 28, 2014, Western caused to be recorded a Notice of Default and Election to Sell under the Deed of Trust ("NOD"), which NOD recites that Plaintiffs were in default on the Loan in an amount of $54,277.91 as of January 21, 2014.  (RJN, Ex. H).  On May 29, 2014, Western caused to be recorded a Notice of Trustee's Sale ("NOS"), originally setting the foreclosure sale of the Real Property for July 1, 2014.  (RJN, Ex. I).  The foreclosure sale is still pending.

In Plaintiffs' previous lawsuit, they have admitted the following.  In April 2009, they experienced financially difficulty, and applied for and obtained a "step

modification" of the Loan.  (RJN, Ex. J, paragraph 56).  Thereafter, they sought additional loan modifications on the Loan.  (RTN, Ex. J, paragraph 57). Specifically, in December 2010, they submitted a loan modification application, but withdrew that application in April 2011.  (RJN, Ex. J, paragraph 59(1)).  In July 2012, they again were offered assistance on the Loan, and in or about March 2013, Plaintiffs submitted another loan modification application.  (RJN, Ex. J, paragraphs 59(2) and (3)).  However, in June 2013, that loan modification application was denied.  (RJN, Ex. J, paragraph 59(3), lines 4 through 5). Plaintiffs do not allege that they appealed that denial, pursuant to California Civil Code Section 2923.6.

Defendants previously demurred to the State Court Complaint, and on January 21, 2015, just 5 days before the January 26, 2015 hearing on that demurrer, Plaintiffs filed and served First Amended Complaint ("FAC").  (RJN, Ex. K and L).  Defendants again demurred to the FAC, and on June 10, 2015, against just 5 days before the June 15, 2015 hearing set for that demurrer, Plaintiffs dismissed their State Court First Amended Complaint.  (RJN, Ex. M).  Defendants had also moved to expunge the recorded lis pendens in the State Court matter, which motion the State Court granted.  (RJN, Exs. N and O).  Plaintiffs have recorded a new Lis Pendens with this lawsuit.   (RJN, Ex. P).

In this case, Plaintiffs make nearly identical allegations to their State Court lawsuit; to wit: (1) that the Assignments of Deed of Trust and Note are void (Compare, e.g., Complaint, paragraphs 2 through 43 and RJN, Ex. J, paragraphs 18 through 55; RJN, Ex., K, paragraphs 17 through 54).  The Complaint also alleges Plaintiffs wrote demanding verification of "declaration of default" and further that they disputed the "agency relationship" between the beneficiary of the Deed of Trust and the loan servicer.   (See, Complaint and Exhibit 5 thereto).

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT

## III.    LEGAL STANDARD

Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) a complaint may be dismissed if it appears beyond doubt that plaintiff can prove no set of facts in support of a claim which would entitle plaintiff to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also, Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980);  De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978) cert. denied, 441 U.S. 965 (1979).

Federal Rule of Civil Procedure, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662 (2009).  "Threadbare recitals of a cause of action's elements supported by conclusory statements" are insufficient to overcome a motion to dismiss.  Id. at 1950.  Moreover, "Rule 8(a)(2)…requires a 'showing', rather than a blanket assertion of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, n. 3 (2007) (citations omitted).  If the "plaintiffs….have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Twombly, supra, at 570; Iqbal, supra, at 680. To survive a motion to dismiss, the complaint must have non-conclusory factual content from which reasonable inferences can be drawn that are plausibly suggestive of a claim. Moss v. U.S. Secret Service, 572 F.2d 962, 969 (9th Cir. 2009).  A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

Further, a court is not limited to the allegations of the complaint in ruling on a motion to dismiss but can also consider any documents attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987); see also, Lee v. City of Los Angeles, 250 F3d 668, 688-89 (9th Cir. 2001). The court also may

take judicial notice of recorded loan and title documents, and their contents, if they are referenced in the complaint, and are thus deemed incorporated.  FRCP Rule 201, see also, Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994), overruled on other grounds.  Finally, when amendment would be futile, dismissal may be ordered with prejudice.  Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996).

## IV.   DISCUSSION

### A.   PLAINTIFFS ARE IMPERMISSIBLY FORUM SHOPPING.

This is Plaintiffs' second lawsuit premised upon the same set of underlying facts.  Plaintiffs' first lawsuit challenged the Assignments of Deed of Trust and other recorded documents, exactly as the case here.  In that first lawsuit, Plaintiffs also admitted when they first began to experience financial difficulty, as well as the several years they applied (at first successfully, and thereafter unsuccessfully or in fact withdrew applications) for loan modifications.  All of those facts are judicial admissions, which will be asserted against them in this lawsuit, and all of which disprove all of their claims here.  Plaintiffs are simply forum shopping.

### B.   PLAINTIFFS HAVE NO STANDING TO CHALLENGE THE ASSIGNMENTS OF DEED OF TRUST OR THE SECURITIZATION OF THE LOAN/NOTE AND FOR THAT REASON THE NEGLIGENT MISREPRESENTATION AND SECTION 2924.17 CLAIMS FAIL.

The Complaint's third and fourth claims for relief are premised entirely upon the underlying allegations that the Assignments of Deed of Trust are void, and therefore Defendants have no interest in the Deed of Trust, Note or the Loan, and thus no rights and no standing to foreclose, negligently misrepresented that they did, and violated California Civil Code Section 2924.17 by recording an NOD when they had no ownership interest.  Again, these are identical allegations to the prior State Court action.

The law is well settled regarding these types of allegations.  Plaintiffs have no standing to challenge the Assignments of Deed of Trust, or the Substitution of

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Trustee, and in turn the recorded Notice of Default and Notice of Trustee's Sale. All claims for relief of the Complaint are predicated upon purported defects in the securitization of the Note and assignment of the Deed of Trust. (See, e.g., Complaint, page 3, paragraph 2 through page 10 paragraph 30).  An assignment of a deed of trust or transfer of a note, however, merely substitutes one beneficiary and creditor (respectively) for another, without changing a borrower's obligations under the loan.  Herrera v. Federal National Mortgage Assn., 205 Cal. App. 4th 1495, 1507 (2012); Kan v. Guild Mortgage Company, ___Cal.App.4th___ (2014 WL 5192710, p. 4) (2014).  Therefore, any purported impropriety in the Assignments only affects the parties to the Assignments; not Plaintiffs.  Id.  See also, Warth v. Seldin, 422 U.S. 490, 499 (1975) ("a plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). This prudential standing consideration ensures that the party with the "appropriate incentive" to raise a challenge (or to choose not to) does so with "the necessary zeal and appropriate presentation."  Kowalski v. Tesmer, 543 U.S. 125, 129-30 (2004); Osediacz v. City of Cranston, 414 F.3d 136, 139 (1st Cir. 2005) (quoting Allen v. Wright, 468 U.S. 737, 750 (1984)).  Thus, Plaintiffs, a non-party to the Assignments or securitization of the debt, have no standing to enforce or attack the Assignments.  Id.

Similarly, Plaintiffs lack standing to attack the securitization of the debt. Jenkins v. JPMorgan Chase Bank, N.A., 216 Cal.App.4th 497, 515 (2013); Kan, supra (WL 5192710 at p. 4.).  Plaintiffs are an unrelated third party to the securitization of the Note and, therefore, cannot enforce or attack such agreements. Jenkins, supra, at 515. Plaintiff simply "may not assume the theoretical claims of hypothetical transferors and transferees" in order to assert causes of action against Defendants. Id.

Moreover, Plaintiffs cannot allege prejudice by such purported "invalid transfers" because their obligations under the Note and Deed of Trust remain

unchanged. <u>See</u>, <u>Bernardi v. JPMorgan Chase Bank, NA</u>, (N.D. Cal., 2012) 2012 WL 33894 at *2 (rejecting nearly identical allegations regarding securitization and standing to foreclose).  Plaintiffs admittedly sought and obtained the loan, and agreed to repay it. Thus, they cannot allege prejudice as a result of the Assignment or securitization.

Further, California's foreclosure statutes (California Civil Code Sections 2924, et. seq.,) do not require the foreclosing parties to have physical possession of the Note and Deed of Trust.  <u>Shuster v. BAC Home Loans Servicing, LP</u>, 211 Cal. App. 4th 505, 511-12 (2012);  <u>See also,</u> <u>Debrunner v. Deutsche Bank Nat. Trust Co.,</u> 204 Cal. App. 4th 433, 440-41 (2012).  Further, as stated by the court in <u>Gomes v. Countrywide Home Loans, Inc.,</u> 192 Cal. App. 4th 1149, 1154 (2011), "[s]ection 2924, subdivision (a)(1) specifically permits the 'trustee, mortgagee, or beneficiary, or any of their authorized agents' to institute foreclosure by recording a notice of default." <u>Shuster</u>, <u>supra,</u>at  512.  It does not contemplate "a judicial action to determine whether the person initiating the foreclosure process is indeed authorized." <u>Gomes</u>, <u>supra</u>, at 1155.

Lastly, the Complaint appears to contain an allegation premised upon the case of  <u>Glaski v. Bank of America,</u> 218 Cal. App. 4th 1079 (2013).  (Complaint page 7, paragraphs 18 through 20).    However, Plaintiffs have no standing under this case either.  <u>Glaski</u> (decided upon New York Trust law) has been roundly criticized by many, many California Appellate Courts of all Districts, not followed by a single other California Appellate Court, and in fact outright rejected by many.

**C.   <u>PLAINTIFFS' COMPLAINT DOES NOT ADEQUATELY PLEAD OR ALLEGE UNDERLYING FACTS TO SUPPORT A BREACH OF CONTRACT CLAIM FOR RELIEF.</u>**

"The standard elements of a claim for breach of contract are: '(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom.'" <u>Wall Street Network, Ltd. v. New York Times Co.,</u> 164 Cal.App.4th 1171, 1178 (2008).  Moreover, "[o]ne party to a

1   contract cannot compel another to perform while he himself is in default." <u>Durell</u>

2   <u>v. Sharp Healthcare,</u> 183 Cal. App. 4th 1350, 1367 (2010).

3        The Complaint does not plead sufficient facts to constitute a breach of

4   contract claim for relief.  Presumably, the contract upon which the claim is based is

5   the Deed of Trust and its Note.  (Complaint, page 12, paragraph 40).  The

6   Complaint asserts a breach of the terms of the Deed of Trust in that only the

7   Lender or its assigns may direct a trustee to record a Notice of Default.

8   (Complaint, page 12, paragraph 41 through page 13, paragraph 43).  However, the

9   recorded documents prove that the current beneficiary substituted Defendant

10  Western Progressive, LLC as trustee, and Western Progressive recorded the Notice

11  of Default and the Notice of Sale.

12       The Complaint also alleges that Defendants failed to provide 30 days notice

13  prior to recording the Notice of Default, and references and in fact purports to

14  quote paragraph 22 of the Deed of Trust.  (Complaint, page 13, paragraph 45; page

15  14, paragraph 48).  But paragraph 22 of the Deed of Trust does not contain any

16  such provision.  Ordinarily, the allegations of the complaint must be accepted as

17  true.  However, this does not apply to allegations contradicted by the exhibits to

18  the complaint or by matters of which judicial notice may be taken.  <u>Vance v. Villa</u>

19  <u>Park Mobilehome Estates,</u> 36 Cal. App. 4th 698, 709 (1995); <u>see</u> <u>also,</u> <u>Frantz v.</u>

20  <u>Blackwell,</u> 189 Cal. App. 3d 91, 94-95 (1987); <u>B & P Dev. Corp. v. City of</u>

21  <u>Saratoga,</u> 185 Cal. App. 3d 949, 953 (1986).

22       Similarly, allegations of false promises and detrimental reliance are not

23  elements of a breach of contract claim for relief.  These allegations are not part of

24  any claims for breach of contract and therefore are improper.  (Complaint, page 14,

25  paragraph 47).

26       As to the allegations of violation of California Civil Code Sections 2924

27  (Complaint, page 15, paragraph 51), these Sections are the exhaustive framework

28  that governs non judicial foreclosures in California. This statutory scheme contains

1   no requirement that a party prove its power to foreclose by establishing it is the
2   "Noteholder" or that an assignment of the deed of trust or securitization of a note
3   was proper. I.E. Associates v. Safeco Title Ins. Co., 39 Cal. 3d 281, 285 (1985);
4   Moeller v. Lien, 25 Cal. App. 4th 822, 830 (1994). "The purposes of this
5   comprehensive scheme are threefold:  (1) to provide the creditor/beneficiary with a
6   quick, inexpensive and efficient remedy against a defaulting debtor/trustor; (2) to
7   protect the debtor/trustor from wrongful loss of the property; and (3) to ensure that
8   a properly conducted sale is final between the parties and conclusive as to a bona
9   fide purchaser." Moeller v. Lien, supra, 25 Cal. App. 4th at p. 830. Thus, Plaintiffs'
10  claim is legally baseless.

11          The court in Gomes v. Countrywide, 192 Cal. App. 4th 1149 (2011) was
12  presented with an argument nearly identical to Plaintiff's in the FAC. The court
13  rejected Gomes's contention:

14              [N]owhere does the statute provide for a judicial action to
15              determine whether the person initiating the foreclosure process
16              is indeed authorized and we see no ground for implying such an
                action.

17  Id. at 1155.

18          Plaintiffs' claims are no different from Gomes.

19  **D.    THE COMPLAINT'S CLAIM FOR RELIEF BASED UPON 15 U.S.C.**
20          **SECTIONS 1681 ET SEQ FAILS.**

21          **1.  The alleged evidence of "dispute" is not a credit reporting dispute.**

22          In the second claim for relief, the Complaint contends failure to respond to a
23  letter attached as exhibit 5 to the Complaint constitutes a violation under Section
24  1681.  First, exhibit 5 does not challenge a "credit report" as defined by 15 U.S.C.
25  Section 1681, and therefore is not a dispute governed by 15 U.S.C. Section 1681.
26  See, 15 U.S.C. Section 1681a(d).  Exhibit 5 contends that the recordation of the
27  NOD and the Assignment of Deed of Trust is in error.  (See, Complaint and Ex. 5,
28

page 2 attached thereto).  This is not a credit reporting dispute under the Fair Credit Reporting Act (the "FCRA").

**2.  Plaintiffs have no private right of action.**

Second, Plaintiffs have no private right of action under the FCRA against either Defendant, and the Complaint pleads no facts that would support any. Defendant Ocwen, as a servicer, is a furnisher of information to a credit reporting agency.  Defendant Western Progressive is a foreclosing trustee.  See, Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059 (9th Cir. 2002).

Ordinarily, a credit furnisher has no liability under the FRCA to investigate any claim made directly to it by any consumer.  There is an exception carved out of this such that a furnisher can only be sued under the FCRA if it does not respond to a formal notice of consumer dispute received by the furnisher from a consumer reporting agency.  Arikat v. JP Morgan Chase & Co, etc. et al., 430 F. Supp. 2d 1013, 1023-24 (2006) (emphasis added) (citing 15 U.S.C. §§ 1681s–2, 1681i(a)(2); Nelson, supra, at 1060); Virgen v. Mae, 2007 WL 1521553, at *4 and *8 (E.D. Cal. 2007); Rosciano v. Experian, et al., 2105 WL 163383, at *2 (D. Az. 2015).  That is, "[a] private right of action exists under 15 U.S.C. § 1681s–2(b) only if the consumer informs a credit reporting agency of incorrect information on the consumer's credit report and then the furnisher of the information, upon receipt of notice from the *credit reporting agency,* fails to conduct a reasonable investigation and report back to the credit reporting agency." Virgen v. Mae,  WL 1521553, at *23–34 (E.D.Cal. May 23, 2007) (emphasis added).

Here, as noted above, the Complaint does not allege any improper credit reporting information, nor does the Complaint allege that any credit reporting agency ever contacted Defendant Ocwen to have Ocwen conduct a reasonable investigation of Plaintiff's debt or that after such contact Defendant Ocwen failed to conduct such an investigation.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT

More importantly, it is impossible for Plaintiffs to make any allegation that would meet the requisite pleading standards of a federal lawsuit.  A Complaint must set forth underlying facts known by Plaintiffs, as allegations made upon information and belief must be disregarded.  <u>Bank of America NT &SA v. Williams,</u> 89 Cal. App. 2d 29 (1948).

**3.  Any FRCA claim is statutorily barred.**

Third, even if a correct claim, any such claim is barred by the applicable statute of limitations.  In their State Court complaint, Plaintiffs admit that they began experiencing financial difficulty in April 2009, applied for and received a step loan modification, and thereafter over a period of four years applied for further loan modifications.  Consequently, any alleged negative credit reporting would have started by April 2009.  Applying for loan modifications from April 2009 through at least June 2013, Plaintiffs would have been well aware of their credit status and any and all reports issued.  Further the Notice of Default which recorded on January 28, 2014, and attached as Exhibit 6 to the Complaint, indicates that Patterson's loan was in default with a payment due for December 1, 2012.   Consequently, by no later than that 2012 date, there would have been credit reporting.  15 U.S.C. § 1681p.

**4.  Any alleged credit reporting dispute is frivolous.**

Fourth, a credit reporting prohibition only relates to the reporting of inaccurate credit information.  Other than to state that the loan has been reinstated (which statement is incorrect), the information reported is not inaccurate and Exhibit 5 provides no information to allow either the credit reporting agency or Ocwen to put any reported amounts in dispute or otherwise review or determine inaccuracy based upon your clients claims.  See 15 U.S.C. Section 1681s-2(a)(1)(B).  Moreover, as of the date of Exhibit 5, Plaintiffs were represented by counsel in their State Court Action.  Lastly, Exhibit 5 cites to Paragraph 22 of the Deed of Trust as authority.  But, as discussed above, Paragraph 22 of the Deed of

Trust relates to the issuance of a reconveyance when a loan has been paid in full. <u>See,</u> 15 U.S.C. Section 1681s-2(a)(8)(F).

## E.   FINALLY, THE TILA CLAIM FOR RELIEF FAILS.

The fifth claim for relief seeks to rescind the loan transaction, based upon Section 1635 of the Truth in Lending Act ("TILA"). The Complaint quotes TILA, that a borrower has a three day right to rescind a consumer credit transaction, and in this instance that would be the 2006 refinance loan. (Complaint, page 23, paragraph 96). The contention is based upon the allegation that the 2006 transaction "never consummated." (Complaint, page 25, paragraph 101). First, that three day right to rescind expired many years ago in 2006. Moreover, even if Plaintiffs had the right to rescind, as noted in the Complaint, they must repay all of the loan funds to Defendants.

Additionally, any other claim for TILA damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. §1640(e). A claim for TILA rescission, on the other hand, is subject to a three-year statute of limitations or is cut-off by the sale of the property, whichever occurs first. 15 U.S.C. §1635(f). "[A]s a general rule the limitations period starts at the consummation of the transaction." <u>King v. California,</u> 784 F.2d 910, 915 (9th Cir.1986). Where a plaintiff alleges TILA violations during initial disclosures, equitable tolling is not appropriate if "nothing prevented [plaintiff] from comparing the loan contract, [the] initial disclosures, and TILA's statutory and regulatory requirements." <u>Hubbard v. Fidelity Federal Bank,</u> 91 F.3d 75, 70 (9th Cir.1996) (citing <u>King v. State of Cal.,</u> 784 F.2d 910, 915 (9th Cir.1986)). Here, Plaintiffs allege TILA violations occurring at Loan origination in 2006. Thus, all TILA claims are time barred.

**V.     CONCLUSION.**

For all of the above reasons, Defendants respectfully submit that the Complaint should be dismissed with prejudice.

Respectfully submitted,

**WRIGHT, FINLAY & ZAK, LLP**

Dated: July 24, 2015          By:   */s/ Patricia L/ Penny*
                                    T. Robert Finlay, Esq.
                                    Patricia L. Penny, Esq.
                                    Attorneys for Defendant, WESTERN
                                    PROGRESSIVE, LLC and OCWEN
                                    LOAN SERVICING, LLC

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT

# PROOF OF SERVICE

I, Jovete Elguira, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On July 24, 2015, I served the within **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** on all interested parties in this action as follows:

Charles T. Marshall, Esq.
Law Offices of Charles T. Marshall
415 Laurel St #405
San Diego, CA 92101
*Attorney for Plaintiffs*

[ ]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E).

[X]   (FEDERAL) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 24, 2015, at Newport Beach, California.

Jovete Elguira